OPINION of the court delivered by the Chief Justice.
Kirkpatrick O. J.
Thomas Armstrong, esqr. and Anna ' Key ser, had been the administrators of Jasper Keyser, deceased. Upon the settlement of their accounts before the Orphans’ Court of the county of Sussex, it is alleged that the sum of 200 dollars was allowed to them for their commissions; that this sum got into the hands of Thomas *85 Armstrong the defendant, and that though Anna Keyset was justly entitled to one half thereof, viz. to 100 dollars,: yet, that the said defendant had refused to pay the same to her, during her life time. And to recover this 100 dollars, the plaintiffs, who are the executors of the last will of the said Anna, bring this suit.
So far as appears by the return of the justice, the only evidence offered on the trial, was a certificate of the surrogate of the said county of Sussex, stating that the Orphans’ Court, in the settlement of the account of the said administrators, had allowed the said sum of 200 dollars for commissions. This certificate is signed by the surrogate, and sealed with his official seal.
But this is not sufficient; for though it should be admitted, that the surrogate, who has the custody of the seal, might lawfully certify copies of any of the records or proceedings of the said *court, of which ho is the clerk, and that such certificate should be a sufficient authentication of such copies, to make them evidence in other courts, yet it can never be admitted, that he can, by fixing his official seal, give authenticity to a paper like this, which does not even pretend to be a copy of any record, proceeding, -or paper filed in his office, but a mere certificate of a fact remaining in his own memory, or, at most, brought to his memory by looking into the account filed. However accurate the surrogate may be in his statement (and it is believed no one who knows him, will doubt his accuracy) and however well satisfied the justice and others concerned, may have been of the truth of the fact certified, yet all this does not make the certificate lawful evidence. To make the most of the surrogate’s power in this respect, he-can only certify copies, not facts existing in his own knowledge, whether that knowledge depends upon his recollection alone, or upon the inspection of his office records.
The justice, in his additional return says, that when this paper was offered by the plaintiff, in evidence, the defendant did not deny it. But this is not enough. It has been well settled, that in these courts, the plaintiff offers his evidence at his peril; and that the defendant is not *86 obliged to object to it; but may, without such objection, advantage of it on error.
This judgment, therefore, must be reversed.